UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| EDWARD GATES,<br>No. 24089-013, | §<br>§<br>§ | |
| Petitioner, | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO.<br>7:12-CV-045-O-BL |
| NORTHERN DISTRICT PAROLE, | §<br>§ | |
| Respondent. | § | Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Before the Court is Edward Gates's petition for habeas relief under 28 U.S.C. § 2241 *et seq.*, filed March 16, 2012. (Doc. 3). For the reasons stated herein, the Court recommends that the petition be dismissed.

Petitioner was convicted under 21 U.S.C. § 841(A)(1) for possession with intent to distribute five grams or more of cocaine base, and 18 U.S.C. § 924(c) for carrying a firearm during a drug crime. (Doc. 3, p. 3); (Doc. 16, p. 1); (Doc. 17, p. 7). As a result, the District Court of Colorado sentenced Petitioner to 147 months' imprisonment, followed by a 5-year term of supervised release. (Doc. 3, p. 5); (Doc. 16, p. 1); (Doc. 17, p. 7). On April 1, 2003, upon completion of the federal term of imprisonment,[1] Petitioner was immediately released to the custody of the Texas Department of Criminal Justice (TDCJ), to serve a twenty-year sentence for murder. (Doc. 3, p. 5); (Doc. 16, p. 2); (Doc. 17, p. 4, 9, 11). Petitioner's 5-year term of supervised release under his federal sentence did not begin until his release from TDCJ. (Doc. 16, p. 2); (Doc. 17, p. 12). Petitioner began federal supervised release on October 20, 2010, and will complete the 5-year term on October 19, 2015. (Doc. 16, p. 2); (Doc. 17, p. 12).

---

[1] Petitioner was released early due to good time credits. (Doc. 17).

Petitioner claims his Fifth Amendment rights have been violated because the 5-year supervised release term did not begin until his release from TDCJ custody. (Doc. 3, p. 5). Petitioner argues that this tolling subjects him to excessive detention, in violation of his constitutionally guaranteed rights. (Doc. 3, p. 5). Petitioner requests his federal supervised release term be suspended. (Doc. 3, p. 7).

18 U.S.C. § 3624(e) reads, in relevant part, "[a] term of supervised release does not run during *any period* in which the person is imprisoned in connection with a conviction for a Federal, state, or local crime unless the imprisonment is for a period of less than 30 consecutive days." (Emphasis added). Thus, a term of federal supervised release is tolled during *any* period of incarceration, without regard to which sovereign is exercising jurisdiction. *United States v. Jackson*, 426 F.3d 301, 304-05 (5th Cir. 2005); *United States v. Johnson*, 529 U.S. 53, 56 (2000) (noting that 18 U.S.C. § 3624(e) creates "little question in the meaning of the word 'release' in the context of imprisonment."). In *Johnson*, the Supreme Court applied the "ordinary, commonsense" meaning to the word "release," as it appears in § 3624(e), and concluded that it means "to be freed from confinement." *Johnson*, 529 U.S. at 57.

Gates was transferred from federal to state custody without any intervening period of "release." (Doc. 16, p. 2); (Doc 17). Moreover, Petitioner's state imprisonment lasted longer than 30 days, triggering the tolling provision in § 3624(e). Petitioner was "freed from confinement" on or about October 20, 2010, which is when his 5-year term of federal supervised release began. As such, Petitioner's claims are without merit.

For the foregoing reasons, it is the recommendation of this Court that the petition for writ of habeas corpus be **DISMISSED WITH PREJUDICE**.

**IT IS, THEREFORE ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within **14 days** after being served with a copy.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

**SO ORDERED.**

Dated this 14th day of January, 2015.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**